D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

GHEORGHE PETRE,

                    Plaintiff,

-against-

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                    Defendants.

------------------------------------------------------------------x

08-CV-1738 (ARR)(RER)

NOT FOR PRINT OR
ELECTRONIC
PUBLICATION

ORDER

ROSS, United States District Judge:

    Plaintiff Gheorghe Petre, proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of an adverse determination by an administrative law judge ("ALJ") denying his challenge to the amount of disability insurance benefits he receives under Section 223 of the Social Security Act. The defendant has moved to dismiss the claim under Fed. R. Civ. Proc. 12(b)(1), for lack of subject matter jurisdiction, arguing that no "final decision" has been issued by the Commissioner. For the reasons set forth below, defendant's motion is granted.

I.     **BACKGROUND**

    On March 14, 2001, plaintiff, Gheorghe Petre, received a "fully favorable decision" from the Social Security Administration ("SSA") granting him certain disability benefits. On May 28, 2001, the Social Security Administration notified plaintiff that he was entitled to monthly

1

disability benefits from Social Security beginning May 2000. He was provided with retroactive payment of $7,129, and subsequent payments of $786.00 per month.

In early January 2007, plaintiff sought an increase in the amount of his disability benefits, an application for which was denied by the SSA on January 24, 2007. See Petre v. Commissioner of Social Security, No. 07-cv-2184, Opinion and Order at 1 (Dkt. No. 18). On February 21, 2007, plaintiff filed a request for an administrative hearing to challenge the amount of disability insurance benefits that he was receiving, claiming that he was being improperly penalized for an alleged early retirement. While his request for a hearing was pending, plaintiff filed a civil action in this Court on May 29, 2007, seeking judicial review of the Commissioner of Social Security's denial of an increase in his disability benefits. Id.

During the pendency of the action before this Court, a hearing was held before the Social Security Commission on December 12, 2007. On February 28, 2008, this Court granted the Commissioner of Social Security's motion to dismiss plaintiff's 2007 action for lack of subject matter jurisdiction, finding that the SSA has not waived the requirement that plaintiff exhaust his administrative remedies and obtain a "final decision" before seeking relief from the district court. See Petre, No. 07-cv-2184, Opinion and Order (Dkt. No. 18).

On March 26, 2008, an ALJ issued a decision finding that plaintiff was receiving the correct amount of disability insurance benefits. There is no evidence in the administrative record that indicates that plaintiff appealed the decision of the ALJ to the Appeals Council. On April 24, 2008, plaintiff filed the instant action in this Court.

On August 27, 2008, the Commissioner moved to dismiss the instant federal court proceeding, again arguing that this court lacks subject matter jurisdiction because the SSA has not issued a "final decision" subject to review under 42 U.S.C. § 405(g).

## II. DISCUSSION

The Social Security Act provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, ... may obtain a review of such decision by a civil action" in federal district court. 42 U.S.C. § 405(g); see also Sims v. Apfel, 530 U.S. 103, 106 (2000). The Act also provides that "[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or government agency" except as provided in section 405(g). 42 U.S.C. § 405(h). Accordingly, where a claimant has not received a "final decision" from the Commissioner, his claim for benefits is unexhausted and a federal district court is without subject matter jurisdiction to review it. See Smith v. Schweiker, 709 F.2d 777, 780 (2d Cir. 1983); Muniz v. Astrue, 2007 WL 4591259 at *1 (E.D.N.Y. 2007).

The Social Security Act does not define the term "final decision." Rather, the definition of "final decision" has been "left to the [Commissioner] to flesh out by regulation for the SSA." Weinberger v. Salfi, 422 U.S. 749, 766 (1975); Sims, 530 U.S. at 106 (citing 42 U.S.C. § 405(a)). SSA regulations prescribe that, to obtain a "final decision," a claimant must first obtain an initial determination from the SSA, petition the SSA for reconsideration if the determination is unfavorable, request a hearing before an ALJ if the reconsideration is denied, and, finally, petition for review by the Social Security Appeals Council if the ALJ's decision is unfavorable. See 20 C.F.R. § 404.900(a)(1)-(5). Thereafter, the Appeals Council either denies the request for review or grants the request and issues its own decision. 20 C.F.R. § 404.981, § 416.1481. The Commissioner's decision does not become "final" until the Appeals Council takes one of those two actions. 20 C.F.R. § 404.981, § 416.1481.

Accordingly, because plaintiff has not sought review of the ALJ decision by the Appeals Council, and thus the council has neither denied plaintiff's request for review (thereby rendering the ALJ's decision the "final" one), nor issued its own final decision, plaintiff's claim is unexhausted.

"While Section 405(g) embodies an explicit exhaustion requirement, that requirement has been held to contain what has been called a non-waiveable and a waiveable element." Smith, 709 F.2d at 780 (citing Matthews v. Eldridge, 424 U.S. 319, 330 (1975)). As to the non-waivable element, failure to exhaust may not be waived where a plaintiff presents no claim whatsoever to the Commissioner. Id. However, the requirement that the claim be fully exhausted can be waived, either expressly or implicitly. Id. When the SSA does not waive the exhaustion requirement, courts nevertheless inquire whether the failure to exhaust administrative remedies is excusable. See Pavano v. Shalala, 95 F.3d 147, 150-152 (2d Cir. 1996). "A waiver of the exhaustion requirement may be inferred where the plaintiff's legal claims are collateral to their demand for benefits, where exhaustion would be a pro forma or futile gesture, or where the harm suffered in the interim would be irreparable in the sense that no post hoc relief would be adequate." Smith, 709 F.2d at 780 (citing Matthews, 424 U.S. at 330-31); see also Pavano, 95 F.3d at 150. None of these criteria are met in this case.

First, because plaintiff is not challenging the validity of regulations, but only the application of those regulations to him, his claim is not collateral to his demand for benefits. See Pavano, 95 F.3d at 150; Abbey v. Sullivan, 978 F.2d 37, 44 (2d Cir. 1992). Second, courts have found futility where the constitutionality of a provision of the regulations is at issue. See, e.g., Ryan v. Bentsen, 12 F.3d 245, 221 (D.C. Cir. 1993) ("[b]ecause the constitutionality of a statutory provision [is] beyond [the Secretary's] competence to decide, exhaustion is futile").

Plaintiff has not challenged the constitutionality of SSA regulations in this case, nor has he provided any other evidence as to the futility of exhaustion. Finally, as to whether irreparable harm would result from requiring plaintiff to exhaust his administrative remedies, the Second Circuit has found that the time-delay and administrative burden of complying with exhaustion requirements is not itself sufficient to justify excusing exhaustion. See Abbey, 978 F.2d at 46. The plaintiff has not provided evidence that he will be subjected to deteriorating health because of a complete denial of benefits, nor has he alleged that "an erroneous denial of some portion of [his] claim could not be remedied by retroactive payment of these benefits." Id.

### III. CONCLUSION

Because plaintiff's claim is unexhausted, and because there has been no demonstration of an implied or explicit waiver by the Commissioner, the defendant's motion to dismiss is granted. Accordingly, plaintiff's claim is dismissed without prejudice to refiling if the Commissioner renders a final decision adverse to plaintiff.

The Clerk of the Court is directed to enter judgment accordingly

SO ORDERED.

/S/
_____
Allyne R. Ross
United States District Judge

Dated: October 30, 2009
Brooklyn, New York

SERVICE LIST:

**Pro Se Plaintiff**
**Gheorghe Petre**
2016 Bleecker Street
Apt #1R
Ridgewood, NY 11385

**Edward K Newman**
United States Attorneys Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201-1820